## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| **RONALD W. GRIGG,** | : | Bankruptcy No. 11-71206-JAD |
| | : | |
| Debtor, | : | Chapter 7 |
| ——————————————— | X | |
| **BLAINE JOHN CHANEY,** | : | Adv. No. 12-7008-JAD |
| | : | |
| Plaintiff, | : | Doc. Nos. 138, 189 |
| v. | : | |
| **RONALD W. GRIGG,** | : | |
| | : | |
| Defendant. | : | |
| ——————————————— | X | |
| **RONALD W. GRIGG,** | : | |
| | : | |
| Counter-Claimant, | : | |
| | : | |
| v. | : | |
| **BLAINE JOHN CHANEY,** | : | |
| | : | |
| Counter-Defendant. | : | |
| ——————————————— | X | |

### MEMORANDUM OPINION

The matters before the Court are the *Motion for Reconsideration Relating to Motion for Relief Under Cal. Code Civ. Proc. § 1008, Fed. R. Bankr. P. 9024/FRCP 60(b), Fed. R. Bankr. P. 7012(b)/FRCP 12(c), and Cal. Code Civ. Proc. § 484.100* and the *Motion for Relief Pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b)* filed by Defendant/Counter-Claimant Ronald W. Grigg. By these motions, Defendant/Counter-Claimant Ronald W. Grigg seeks to have this Court reconsider its denial of Mr. Grigg's prior motion seeking relief from judgments entered in California state courts by Plaintiff/Counter-Defendant Blaine John Chaney. For the reasons expressed below, both motions shall be denied.

00010325.WPD

## I.

This basis of this adversary action is the *Complaint to Determine Dischargeability* filed by Plaintiff/Counter-Defendant Blaine John Chaney ("Chaney") against Defendant/Counter-Claimant Ronald W. Grigg ("Grigg"). The debt at issue is a judgment entered in 2010 in favor of Chaney against Grigg in the amount of approximately $3 million dollars. The debt arose in connection with a contingency fee agreement regarding legal representation in Chaney's marital dissolution proceeding in California by Grigg, an attorney. The relevant facts and procedural history of this case are more fully set forth in this Court's Memorandum Order dated October 19, 2012, which is incorporated herein by reference.

On September 14, 2012, Grigg filed a *Motion for Relief Under Cal. Code Civ. Proc. §1008, Fed. R. Bankr. P. 9024/FRCP 60(b), and Cal. Code Civ. Proc. §484.100* ("*Motion for Relief*")(See Doc. #100). By the *Motion for Relief*, Grigg sought the entry of an order in this Court vacating the state court judgment as void. This Court denied the *Motion for Relief* by its Memorandum Order dated October 19, 2012. (See Doc. #132). In his *Motion for Reconsideration Relating to Motion for Relief Under Cal. Code Civ. Proc. §1008, Fed. R. Bankr. P. 9024/FRCP 60(b), Fed. R. Bankr. P. 7012(b)/FRCP 12(c), and Cal. Code Civ. Proc. §484.100* ("*Motion for Reconsideration*") Grigg now seeks reconsideration of that Memorandum Order. (See Doc. #138).

After Grigg filed his *Motion for Reconsideration,* the Court ordered the parties to mediation and stayed the pending adversary matters. The mediation was unsuccessful and the *Motion for Reconsideration* was then scheduled for hearing. Prior to the scheduled hearing, Grigg filed another *Motion for Relief Pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b)* ("*Second Motion for Relief*") and asked that the motion be

considered at the time of and in conjunction with the *Motion for Reconsideration*. (See Doc. #189, ¶15). Hearings were held on the *Motion for Reconsideration* and the *Second Motion for Relief* and the matters are now ripe for consideration.

## II.

The Court will first address the *Motion for Reconsideration*. A motion for reconsideration is not expressly recognized in the Federal Rules of Civil Procedure. See e.g., In re Drumm, 329 B.R. 23, 30 (Bankr. W.D Pa. 2005)(citing In re Hogan, 79 Fed. Appx. 846 (6th Cir. 2003)). A motion to reconsider is generally considered under Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b) (made applicable by Fed.R.Bankr.P. 9023 and 9024 respectively). When a reconsideration motion is filed within fourteen (14) days of the judgment, it may be treated as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e). (See Fed.R.Bankr.P. 9023). Otherwise, a reconsideration motion may treated as being one seeking relief pursuant to Fed.R.Civ.P. 60(b). (See Fed.R.Bankr.P. 9024). While both rules serve a similar function, each has a separate purpose. See U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Benson v. Giant Food Stores, LLC, C.A. No. 09-cv-3194, 2011 WL 722256 (E.D. Pa. Feb. 28, 2011]. Where the motion (filed within fourteen days of the judgment) questions the correctness of the judgment and seeks to re-litigate the original issue before the court, the motion may be treated as one to alter or amend the judgment under Rule 59. See Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985). In contrast, motions under Rule 60(b) must show one or more of the six enumerated grounds for reconsideration.

Regardless of the stated statutory basis for relief in a reconsideration motion, the court reviews the time of filing and the function of the motion in order to ascertain

whether the motion is brought pursuant to Rule 59 or Rule 60.[1] Even where a movant has sought relief under Rule 60, the court may treat the motion as one under Rule 59 where the motion is filed within fourteen days of entry of judgment and the motion seeks to challenge the entire judgment including the merits. See e.g., Rankin, 761 F.2d at 942 ("Regardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)."(Citations omitted)[2]); CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573 (3d Cir. 1991)(treating motion as a Rule 59(e) motion despite being designated as a Rule 60(b) motion where motion was filed within seven days of judgment and challenged the entire judgment); Law Offices of William W. McVay, C.A. No. 06-704, 2006 WL 2850627, *4 (W.D. Pa. Oct. 3, 2006)(post-judgment motion served within ten days of judgment, other than a motion to correct clerical errors, must be considered as a Rule 59(e) motion regardless of how designated by movant).

Grigg states in the caption of the *Motion for Reconsideration* as well as the introduction that the motion is being filed pursuant to Fed.R Bankr.P. 9024/Fed.R.Civ.P. 60(b). However, Fed.R.Civ.P. 60 receives only a passing mention as the basis and the specific subsection or subsections of Rule 60 which are being relied upon are not specified.

---

[1] It has been held that whether a motion for reconsideration is treated as a Rule 59 or Rule 60 motion is *entirely* determinative of when the motion was filed. See In re Melton, 238 B.R. 686 (Bankr. N.D. Ohio 1999).

[2] The time period for bringing a motion to alter or amend judgment in bankruptcy is fourteen days, not twenty eight days. The time period in bankruptcy used to be ten days, but the former ten day period of Fed.R.Bankr.P. 9023 was extended to fourteen days pursuant to amendment in 2009. See Fed.R.Bankr.P. 9023, 2009 Amendments.

The Memorandum Order that is the subject of the reconsideration request was entered October 19, 2012. The *Motion for Reconsideration* was filed ten days later on October 29, 2012. The *Motion for Reconsideration* seeks to re-litigate the original judgment, i.e. the denial of the *Motion for Relief,* and challenges each of the conclusions made by the Court in the Memorandum Order. Accordingly, pursuant to Fed.R.Bankr.P. 9023 as well as case law, the *Motion for Reconsideration* will be treated as a motion under Fed.R.Civ.P. 59(e).[3] Although the Court will treat the *Motion for Reconsideration* as under Rule 59(e) it will nevertheless review it under Rule 60(b) in the interest of thoroughness although it is not required to do so.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion under Fed.R.Civ.P. 59(e) must rely on one of three grounds: (1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985).

Reconsideration is an extraordinary remedy to be granted sparingly. See e.g., D'Angio v. Borough of Nescopeck, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999). A motion for reconsideration is not to be used to reargue matters previously raised and disposed of or to relitigate a matter with which the litigant disagrees. See e.g., Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002). Nor may a reconsideration motion

---

[3] The Court notes that despite asserting Rule 60(b) as a basis, there is language in the *Motion for Reconsideration* that is suggestive of relief under Rule 59(e). Specifically, it is stated that the *Motion for Reconsideration* is "warranted to correct errors of fact, law and to prevent manifest injustice." (See Doc. #138, p. 2.)

be made to raise new arguments or present evidence that could have originally been presented. See e.g, McDowell Oil Service, Inc.v. Interstate Fire and Cas.Co., 817 F. Supp. 538 (M.D. Pa. 1993). As set forth more fully below, virtually all of the arguments now raised by Grigg for reconsideration of this Court's Memorandum Order were either asserted previously by Grigg, or could have originally been presented but were not. As such, Grigg is merely attempting to re-litigate matters previously decided by the Court and for this reason his Rule 59 *Motion for Reconsideration* fails.

### III.

A review of the original *Motion for Relief* and Memorandum Order of denial is helpful in assessing the basis for the *Motion for Reconsideration*. In the original *Motion for Relief* three counts were alleged. The three counts all sought similar relief in regard to orders previously entered in the California state court concerning the contingency fee dispute. That is, the *Motion for Relief* sought to vacate, strike or relieve Grigg from the orders. The *Motion for Relief* failed to specify by date, docket number or other identifying methods the exact orders sought to be vacated or stricken. Nevertheless, at issue in the California state proceeding was the validity of the fifteen per cent (15%) contingency fee agreement entered into for Grigg's legal representation of Chaney. Grigg insisted that the contingency fee agreement was determined to be valid by Judge Munoz, the judge then presiding over the state court proceeding. Grigg asserted further that, as a result of this alleged determination of validity, any further rulings entered after the ruling by Judge Munoz should be stricken, determined void or he should be relieved of the order.

Specifically, Count I of the *Motion for Relief* sought to vacate as void any rulings made after the alleged ruling on the contingency fee agreement pursuant to § 1008(d) of the California Code of Civil Procedure. Count II of the *Motion for Relief* sought relief from

the state court orders pursuant to Fed.R.Civ.P. 60(b)(3),(4) and (6).  Count III asserted

that this adversary proceeding requests relief predicated upon a determination made in

an ancillary writ proceedings in California and that pursuant to California Rule of Civil

Procedure §484.100, such a ruling is inadmissable, has no effect and should be

stricken.[3]

In denying the *Motion for Relief*, this Court held that the *Rooker-Feldman* doctrine

applied thus barring the exercise of appellate jurisdiction over the California state

judgments.  It was also held that Grigg's claims were barred by the Full Faith and Credit

Act.  Further, Grigg's claims were determined to be a collateral attack on the California

state court judgment and were found to be barred by res judicata and collateral estoppel.

The requested application of California Code of Civil Procedure §1008(d), (providing

for the revocation of an order by the judge who made it or a judge of the court in the

action was pending), was denied since the language of Code of Civil Procedure §1008(d)

plainly applied only to the court that issued the subject order - the California court.

Grigg's request to strike the references to the related California ancillary writ proceeding

as inadmissible pursuant to California Code of Civil Procedure 484.100 was also denied.

It was found that the request was in the form of a motion to strike and was untimely

pursuant to Fed.R.Civ.P. 12(f).  The Court noted, however, that it would consider any

objections to evidence at the time of trial.

**IV.**

---

[3] In his Brief in Support of the *Motion*, Grigg expanded his arguments to include: the alleged bias of the arbitrator in the California state court proceeding, the alleged lack of jurisdiction by the arbitrator and the Court of Appeal in California, and the assertion that the trial court had failed to issue of statement of decision.

00010325.WPD

7

Present before the Court in the *Motion for Reconsideration*, Grigg states an intention to correct what are asserted to be false facts and legal assertions put forth by Chaney relating to the California state court proceedings.

Despite the seemingly narrowly defined premise, the *Motion for Reconsideration* and the accompanying *Brief in Support* address numerous arguments. As best this Court can summarize Griggs' assertions, the *Motion for Reconsideration* seeks to have this Court reconsider each of the conclusions made by this Court in the Memorandum Order. The *Motion for Reconsideration* argues that: (a) Fed.R.Civ.P. 60(b)(3),(4) and (6) allow the orders obtained by Chaney subsequent to the the ruling by Judge Munoz to be vacated; (b) the *Rooker-Feldman* doctrine is inapplicable; (c) all references to the California ancillary proceedings should be stricken from the complaint pursuant to California Code of Civil Procedure §484.100; and (d) orders entered in the California courts in violation of California Code of Civil Procedure §1008(d) requiring the filing of affidavits are void and subject to collateral attack.  The Court will examine each of the various arguments of counsel.

Fed.R.Civ. 60(b)/Application of Rooker Feldman

Grigg contends that Fed.R.Civ.P. 60(b) permits relief from the state court judgment obtained against him by Chaney.  In so contending, Grigg relies upon Fed.R.Civ.P. 60(b)(3), (4) and (6) to argue that Chaney obtained rulings in subsequent California proceedings that were  contrary to the ruling of Judge Munoz regarding the validity of the contingency agreement.

Arguments asserting that the court should exercise its authority under 60(b) and grant relief from the orders that were contrary to the ruling concerning the validity of the contingency fee agreement by Judge Munoz were previously made in Count II of the

original *Motion for Relief.* This Court found in its Memorandum Order that it did not have jurisdiction to vacate the orders of the California courts based on the *Rooker Feldman* doctrine.

Grigg also argues that the rulings obtained by Chaney were obtained as a result of fraud on the court perpetrated by Chaney and his counsel. Accordingly, Grigg argues, the judgments are void and Fed.R.Civ.P. 60 affords relief. In support of this argument is the assertion that the only judgment that was final on the date of his bankruptcy filing was an order of dismissal of the state court litigation entered by Judge Munoz on August 31, 2007. Grigg persists in advancing the false notion that the referenced order of dismissal remained a valid order. Such a notion is false because because the record reflects that the order of dismissal was vacated by order by Judge Munoz and the vacation of the dismissal order was found to be appropriate. (See Doc. #120, Ex. 1, pp. 4-5). Moreover, this argument was previously unsuccessfully made by Grigg to the Court of Appeals in California. (See id). This willfully inaccurate premise cannot form the basis of reconsideration.

Grigg appears to argue that Fed.R.Civ.P. 60 allows this Court to vacate a judgment that is obtained by fraud or is otherwise void due to being granted in excess of jurisdiction - despite the *Rooker Feldman* doctrine and regardless of whether the court vacating the judgment differs from the court that issued the judgment.

Grigg puts forth the case law of Bosworth v. Whitmore, 135 Cal. App. 4th 536 (Cal. App.2 Dist. 2006)and Raymark Industries, Inc. v. Lai, 973 F.2d 1125 (3d Cir. 1992) in support of his position. These cases are not convincing.

Grigg has previously relied on the Bosworth case at oral argument on the *Motion for Relief* and this Court has previously considered it. In Bosworth, the arbitrator was

substituted by the court in the midst of a AAA arbitration for an alleged failure to act. The California appellate court found that the original arbitrator did not fail to act and should not have been substituted. The judgment that was entered by the successor arbitrator was therefore determined to be void. The judgment debtor appealed and shortly thereafter filed bankruptcy. The appeal was pending at the time of the bankruptcy filing and was therefore an asset of the estate which the trustee chose to pursue.

The case of <u>Bosworth</u> is of no moment in this proceeding. <u>Bosworth</u> is factually distinguishable as it did not involve a collateral attack as asserted here by Grigg. In <u>Bosworth</u>, the attack on the substitution of the arbitrator was made in the court that rendered the decision and in the form of a timely appeal. Here, Grigg is attempting to attack the arbitrator that rendered the judgment against him years after the arbitrator's finding and in a completely different court. In addition, Grigg previously attempted to attack the arbitrator's alleged delay in the state court proceedings to no avail. It was determined by the California Court of Appeals that the issue could have been timely raised by Grigg but was not. (See Doc. #120, Ex. 1, p. 9). Furthermore, <u>Bosworth</u> involved a determination that the arbitrator *had* acted appropriately, contrary to what Grigg now argues.

Grigg relies on the case of <u>Raymark Industries, Inc v. Lai</u>, 973 F.2d 1125 (3d Cir. 1992) to argue that this court has the power to vacate a decision of a state court where the action taken by the state court is void. In <u>Raymark</u>, an appeal was taken from a district court order affirming the bankruptcy court's denial of a motion to enforce the automatic stay. The order at issue, a dismissal of an appeal by the state court, was determined to be void as being in violation of the automatic stay of 11 U.S.C. §362. The matter at issue in the bankruptcy court in <u>Raymark</u> was bankruptcy law, i.e. the applicability of the automatic stay and its impact on state court litigation. Thus, the

bankruptcy court had subject matter jurisdiction over that narrow issue. (Id. at 1126).[4]

In the matter *sub judice* this Court is not being asked to determine whether the state court judgment is void for being violative of the automatic stay. Indeed, the record reflects that the state court judgment at issue was entered prior to the commencement of Mr. Grigg's bankruptcy case. Therefore, the automatic stay is not implicated, and Raymark is not germane to the motion for reconsideration before this Court.

California Code of Civil Procedure §484.100

Grigg urges this Court to reconsider its decision regarding its "motion for judgment on the pleadings"[5] that any references to the ancillary writ proceedings in the pleadings should be disregarded based upon California Code of Civil Procedure §484.100. The *Motion for Reconsideration* merely recites the argument previously made by Grigg that this Court should not grant any greater deference to the ancillary proceeding than would the California court. California Code of Civil Procedure §484.100 provides that ancillary writ proceedings shall have no effect on the determination of other issues in the action other than those relevant to the writ proceedings. Grigg argues that paragraph 21 of the complaint relied upon a ruling that was obtained in a writ proceeding and should be stricken. These arguments were previously made in Count III of the original *Motion.* This

---

[4] The Court of Appeals for the Third Circuit discussed the difference between a void judgment and an erroneously decided one and noted the crucial distinction. An erroneous judgment is subject only to direct attack where a void judgment is a nullity from its inception. In the instant case, the judgment that Grigg is complaining of, despite the characterizations as void, is what he perceives as an erroneously decided judgment. Such judgments can only be subject to a direct attack. See 973 F.2d at 1132.

[5] To clarify, no separate motion for judgment on the pleadings was filed or requested by Grigg. The *Motion for Relief* sought that the Court strike certain references in the Complaint pursuant to Fed.R.Bankr.P. 7012. (See Doc. #100, ¶¶25-28). Grigg contended in the *Motion for Relief* that the relief requested in Chaney's Complaint "operates as a motion for pudgment[sic] on the pleadings". (See Doc. #100, ¶26).

Court previously ruled that such a request was untimely pursuant to Fed.R.Civ.P. 7012(f). Nothing in the *Motion for Reconsideration* addresses this conclusion or suggests otherwise.

California Code of Civil Procedure  §1008

The *Motion for Reconsideration* raises the matter of the lack of affidavits in the California state court proceedings as required by Cal.Civ.P. §1008.   Section 1008 provides that when reconsideration is sought it must be accompanied by an affidavit that states what new facts or circumstances warrant a change in the order.  Grigg contends that Chaney did not comply with this requirement thereby rendering the orders entered void as being in excess of the court's jurisdiction.  It appears that Grigg  now argues that based on the deposition testimony of Chaney taken in August 2012, no truthful affidavit could have been provided by him when reconsideration was sought in the state court proceeding.

This Court found in its Memorandum Order that §1008(d) applied only to the court that issued the order or where the action was pending.  The *Motion for Reconsideration* does not address this conclusion.  Rather, the only matter raised concerning the issue is the speculation of Grigg regarding the purported absence of an affidavit by Chaney. Any alleged circumstance surrounding the basis for the filing of an affidavit or the failure to do so, whether true or otherwise, is irrelevant and does not form a valid basis for reconsideration.

Finality of Judgment

Although nowhere mentioned in the *Motion for Reconsideration*, the accompanying *Brief* takes issue with the statement in the *Supplemental Authorities Related to Argument on October 18, 2012* submitted by Chaney after the hearing on the *Motion for Relief*.  In

00010325.WPD                                              12

that *Supplement*, Chaney indicated that no appeal was taken of the judgment entered consistent with the arbitration award entered against Grigg. Grigg advises that, in fact, a petition for rehearing was sought on November 1, 2011. Further, Grigg argues that it was not until remittitur was issued on December 19, 2011, after the bankruptcy filing, that the judgment order became final. Therefore, Grigg argues, the judgment order was not a final order at the time that of the bankruptcy filing.

Grigg purportedly seeks to correct the inaccuracies in the procedural history by bringing the filing of the petition for rehearing to the Court's attention. However, he neglects to include in the *Brief* that the petition for rehearing was denied on November 10, 2011.[6]

Grigg raises this issue of the finality of the judgment order only in response to the incorrect statement that no appeal had been filed by Chaney. The argument that the order was not final at the time of filing could have been raised at the outset since the facts of the filing of the petition for rehearing and its denial were certainly known to Grigg at the time he filed his bankruptcy. A motion for reconsideration is not a vehicle for raising arguments that could have originally been brought.

Even if Grigg had raised this argument, it would not have changed the Court's determination. The fact that the appellate court did not issue remittur until after the bankruptcy filing does not alter the status of the finality of the judgment at the time of the bankruptcy filing. The issuance of remittitur after a decision on appeal is required. See Cal.Rules of Court, Rule 8.272. The purpose of remittur is to transfer jurisdiction form the appellate court to the court that rendered the decision that was reviewed. See

---

[6] It is curious that Grigg would omit such a relevant fact while zealously protesting opposing counsel's alleged inaccuracies of the procedural history between these parties.

People v. Saunoa, 139 Cal.App. 4th 870 (Cal. App. 2 Dist. 2006). This ensures that only one court has jurisdiction over a case at any one time. Id. at 872.

Finality of a California state court judgment is set forth in Rule 8.264 of the California Rules of Court which provides that a decision rendered by the Court of Appeal in a civil appeal is final in that court thirty days after its filing. See Cal. Rules of Court, Rule 8.264(b)(1). The decision of the appellate court denying Grigg's appeal was issued on October 18, 2011. (See Doc. #120, Ex. 1). Therefore, the order was final on November 17, 2011. Grigg filed a petition for rehearing which was denied on November 10, 2011. The denial of the petition for rehearing was issued prior to the expiration of the thirty day period established for finality. Therefore, at the latest, the decision became final on November 17, 2011. On December 5, 2011, the date of Grigg's bankruptcy filing, the petition for rehearing had been denied and the only remaining available remedy was for Grigg to further appeal. No such appeal was taken by Grigg and none was of record at the time of bankruptcy filing. Thus, the decision of the appellate court was final on the date of filing.

## V.

Although numerous arguments were made in the *Motion for Reconsideration*, none of them meet the standards of Rule 59(e) necessary to cause this Court to reconsider its denial of the *Motion for Relief*. The arguments fail to show that there is an intervening change in the law, that there is new evidence previously undiscoverable or a clear error of law or fact that needs to be corrected. Rather, the *Motion for Reconsideration* rehashes the arguments previously made by Grigg in the *Motion for Relief*, attempts to make arguments that could have been previously raised in the first instance and merely takes issue with the Court's findings.

00010325.WPD                                      14

Examination of the *Motion for Reconsideration* under Rule 60(b) does not result in any different conclusion. Rule 60(b) provides, in relevant part, that a party may be relieved from a final judgment or order for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) void judgment; and (6) any other reason that justifies relief. See Fed.R.Civ.P. 60(b). As previously mentioned, Grigg does not specify the subsections on which he relies nor does he address the standard for granting a reconsideration motion in his brief. The Court is therefore not able to clearly assess which of the enumerated grounds Grigg is seeking to have this Court find applicable for purposes of reconsideration. Accordingly, the Court is left to consider Grigg's arguments in light of each of the potentially relevant subsections. Grigg's failure to specifically identify the basis of his motion(s) is itself a sufficient reason to deny his motion(s). The Court will nonetheless attempt to discern Grigg's arguments.

Grigg states that the reconsideration motion is to correct information that was provided by counsel for Chaney after the October 18, 2012 hearing. Specifically, Grigg points out that, contrary to what was asserted, he did file a petition for rehearing prior to his bankruptcy filing. He then goes on to argue that because of the rehearing filing, the judgment was not final at the time of the bankruptcy. The Court understands the premise to potentially fall under Rule 60(b)(1), mistake. As the Court has previously discussed, the fact of Grigg's filing a petition for rehearing does not alter the finality of the judgment at the time of the bankruptcy or any portion of this Court's decision in its Memorandum Order. So, no material mistake in the Court's findings has been made. Even if this Court found this argument concerning the finality of the judgment to be meritorious, if could have been raised at the time of the *Motion for Relief*, but was not.

As such, the Court sees no basis for either Rule 60(b0(1) relief or Rule 60(b)(2) relief (based on newly discovered evidence) in favor of Grigg.

As to Rule 60(b)(3), Grigg does not allege any fraud specifically associated with the entry of this Court's Memorandum Order which he seeks to have reconsidered. Grigg complains about alleged fraud in the California state court proceedings but for purposes of this *Motion for Reconsideration*, no fraud is alleged in the adversary proceeding before this Court. Similarly, as to subsection (b)(4), there is no allegation that this Court's decision is somehow void. Consequently, Grigg has not demonstrated entitlement to relief under either Rule 60(b)(3) or Rule 60(b)(4).

Grigg makes other arguments that presumably could be interpreted as being within Rule 60(b)(6), the catch-all of any other reason that justifies relief. For example, Grigg argues that the *Rooker-Feldman* doctrine is inapplicable. In support of this argument, in addition to those already discussed, he asserts that his counterclaim in this proceeding provides independent claims regarding relief from the state court orders. Grigg raises the matter of his counterclaim for the first time in his *Brief in Support* of the *Motion for Reconsideration.* But, a reconsideration motion is not an opportunity to raise new matters which could have previously been raised. Nor is it an opportunity to take a second bite at the apple. See e.g., In re Stivala Investments, Inc., 394 B.R. 778 (Bankr. M.D. Pa. 2008).

Grigg has not shown that relief should be granted for any of the reasons set forth in Rule 60(b). Accordingly, for the above reasons, the *Motion for Reconsideration* will be denied.

**VI.**

In addition to the *Motion for Reconsideration*, Grigg now files the *Second Motion for Relief* in a further attempt to be relieved of the judgment of the California court. In the *Second Motion for Relief*, Grigg contends that Fed.R.Civ.P. 60(b) warrants relief from the judgment obtained by Chaney on two grounds. First, it is contended that the arbitrator who rendered the arbitration award in favor of Chaney was corrupt. Second, Grigg asserts that the deposition testimony of Chaney and an affidavit submitted related thereto show that rulings obtained subsequent to Judge Munoz order regarding the validity of the contingent fee agreement were procured by fraud.

In this instance, Rule 60 is the applicable rule under which to seek relief. The *Second Motion for Relief* was filed on March 7, 2012, more than four months after this Court's Memorandum Order. However, Grigg again fails to specify the subsection of Rule 60(b) upon which he relies. Based on the language of the filing and counsel's comments at the hearing, the Court treats this latest arguments as one under Rule 60(b)(2), newly discovered evidence.[7] To the extent that the *Second Motion for Relief* seeks to submit additional grounds to have this Court reconsider its ruling, Grigg cannot raise arguments now that could have been raised in the original *Motion for Relief* or the *Motion for Reconsideration*. If Grigg is attempting a new action to have this Court somehow vacate the California judgment based on Rule 60(b), it is untimely. A motion for reconsideration under Rule 60(b)(2) must be made no more than one year after the entry of the judgment or order or date of proceeding. See Fed.R.Civ.P. 60(c)(1). At the latest, the order Grigg seeks relief from was confirmed on appeal in October 2011, more than one year before the filing of the *Second Motion for Relief*.

---

[7] The *Second Motion for Relief* states that "[r]ecently since October 25, 2012 additional grounds for relief...have been discovered" and refers to a "recent investigation beginning in November 2012". See Doc. #189, ¶¶ 13, 15.

Even absent these hurdles, the *Second Motion for Relief* is fatally flawed as the alleged "newly discovered evidence" was either known or could have been discovered by Grigg by at least the time of the original *Motion for Relief* or the *Motion for Reconsideration.* As to the alleged corruption of the arbitrator, Judge Gregory O'Brien, Grigg asserts that the arbitrator engaged in a "scheme of ongoing credential fraud" because he did not hold a Juris Doctorate degree from Whittier College School of Law as he claimed. Grigg asserts that Judge O'Brien holds himself out as having a 1972 law degree from Whittier College School of Law but that Whittier College did not have a law school until 1976. The argument apparently is that because of Judge O'Brien's "fraudulent and deceptive efforts to conceal his true lack of scholastic achievement" this Court should not have confidence in his credentials. But, Judge O'Brien's academic credentials have been established for approximately forty years. Merely because Grigg decided to pursue a recent investigation of Judge O'Brien's credentials in November 2012 does not make this new evidence.

Even if this "evidence" was newly discovered, the Court would be constrained from vacating or finding the California judgment void for all the reasons set forth in the Memorandum Order. Moreover, even if this Court was in a position to grant such a motion, it finds the contention to be totally lacking in merit. In response to the *Second Motion for Relief,* Chaney attaches an Affidavit from Judge O'Brien regarding his degree. Therein, he clearly explains the provenance of his law degree. He states that the law school was founded in 1966 as Beverly School of Law and that Beverly joined Whittier College in 1975 at which time diplomas were reissued and degrees were retroactively conferred on all alumni from Beverly under the Whittier name. (See Doc. # 202). Judge O'Brien further states that the website for Whittier Law School explains that it was

founded as Beverly Law School in 1966.  In addition, the Court is at a loss to determine the present relevancy of Grigg's argument challenging Judge O'Brien's credentials.  To the extent that Judge O'Brien's credentials were somehow relevant or material to the decision rendered by the state court, the time to have raised this argument was during the California state proceeding not in a collateral proceeding before this Court.[8]

To the best that the Court can decipher the papers submitted by Mr. Grigg, Mr. Grigg next argues that the deposition testimony of Chaney somehow shows that orders issued in the California proceeding were pursued through fraud.  The deposition of Chaney was taken on August 22, 2012 which was prior to the filing of the original *Motion for Relief.* Grigg complains about an affidavit filed by Chaney that purportedly attempts to repudiate or explain some of Mr. Chaney's deposition testimony.  That affidavit was filed related to the separate matter of the admittance of Chaney's counsel *pro hac vice.* The affidavit was filed on October 25, 2012.  Both the deposition testimony of Chaney and the affidavit complained of were of record in this case prior to Grigg's filing of the *Motion for Reconsideration.* The deposition and affidavit do not appear to be "newly discovered" evidence.  Not only do they appear not to be newly discovered evidence, Grigg's counsel fails to articulate exactly how such testimony or affidavit specifically ties into Rule 60(b) relief requested by Grigg; nor does Grigg's counsel explain how such testimony is evidence of fraud on the court in the underlying state court litigation. Instead, counsel for Mr. Grigg merely makes general claims and "kitchen sink" requests for relief.  The Court is unable to grant such relief under these circumstances.  See e.g. McPherson v. Kelsey, 125 F.3d 989 (6th Cir. 1997)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.

---

[8] In fact, Grigg has made previously unsuccessfully arguments regarding the arbitrator including his alleged bias.  (See Doc. #120, Ex. 1, pp. 6- 9).

00010325.WPD                                    19

It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.")(citations omitted).[9] For all of the above reasons the *Second Motion for Relief* shall be denied.

## VI.

For the reasons set forth above, the Court finds that the *Motion for Reconsideration* and the *Second Motion for Relief* are devoid of any merit. An appropriate Order shall be entered that denies these motions with prejudice.

Dated: __9-20-2013__

_____
JEFFERY A. DELLER
Chief U.S. Bankruptcy Judge

case administrator to serve:

Todd B. Johnson, Esq.
Matthew T. Yanni, Esq.
Ronald P. Carnevali, Jr., Esq.
Joseph A. Yanny, Esq.
David K. Rudov, Esq.
Eric E. Bononi, Esq.

---

[9] It appears that the deposition testimony at issue dealt with Mr. Chaney's receipt of funds from a Merril Lynch account. Chaney's receipt of such funds does not appear to have any bearing on the bona fides of any pre-bankruptcy judgment by Chaney against Grigg, and Grigg has not articulated a basis as to how Chaney's receipt of such funds undermines the state court judgment by Chaney against Grigg.

00010325.WPD                    20

**FILED**

SEP 2 0 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA