# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :

RONALD W. GRIGG,                                :   Bankruptcy No. 11-71206-JAD
                                                :
            Debtor,                             :   Chapter 7
_____     X
BLAINE JOHN CHANEY,                             :   Adv.  No.  12-7008-JAD
                                                :
            Plaintiff,                          :   Doc. #275
v.                                              :
                                                :
RONALD W. GRIGG,                                :
                                                :
            Defendant.                          :
_____     X
RONALD W. GRIGG,                                :
                                                :
            Counter-Claimant,                   :
                                                :
v.                                              :
                                                :
BLAINE JOHN CHANEY,                             :
                                                :
            Counter-Defendant.                  :
_____     X

## MEMORANDUM OPINION

The matter before the Court is the *Motion for Reconsideration Relating to Motion for Relief Pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b), et. seq.* filed by the Defendant Ronald W. Grigg.  Reconsideration is sought of this Court's decision denying the *Motion for Reconsideration Relating to Motion for Relief Under Cal. Code Civ. Proc. §1008, Fed.R.Bankr.P. 9024/FRCP 60(b), Fed.R.Bankr.P. 7012(b)/FRCP 12(c) and Cal. Code Civ. Proc. §484.100* and the *Motion for Relief Pursuant to Fed.R.Bankr. 9024/Fed.R.Civ.P. 60(b)* seeking relief from a judgment entered in California state court against Ronald W. Grigg.  For the reasons set forth below, this *Motion for Reconsideration Relating to Motion*

*for Relief Pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b), et. seq.* shall be denied.

**I.**

These matters stem from a nondischargeability complaint filed by Plaintiff Blaine John Chaney ("Chaney") regarding a judgment entered against Defendant Ronald W. Grigg ("Grigg") in connection with Grigg's legal representation of Chaney in his marital dissolution proceedings. The judgment, confirming an arbitration award, was entered by the California Superior Court in the amount of approximately $3 million dollars. The judgment was then affirmed on appeal by the California Court of Appeal.

During the course of this adversary proceeding, Grigg filed a *Motion for Relief Under Cal. Code Civ. Proc. §1008, Fed.R.Bankr.P. 9024/FRCP 60(b), Fed.R.Bankr.P. 7012(b)/FRCP 12(c) and Cal. Code Civ. Proc. §484.100* ("*First Motion for Relief*") seeking to have this Court vacate the state court judgment as void. (See Doc. #100). The *First Motion for Relief* was denied by way of Memorandum Order Dated October 19, 2012. (See Doc. #132). Grigg sought reconsideration of that Memorandum Order ("*First Motion for Reconsideration*")(See Doc. #138). That request for reconsideration was denied by Memorandum Opinion dated September 20, 2013. (See Doc. #270).

Before the Court had ruled on the *First Motion for Reconsideration*, Grigg filed another motion captioned *Motion for Relief Pursuant to Fed.R.Bankr. 9024/Fed.R.Civ.P. 60(b)* ("*Second Motion for Relief*"). (See Doc. #189). The *Second Motion for Relief* also sought to have the judgment awarded in California determined to be void pursuant to Fed.R.Civ.P. 60(b). Grigg made two arguments in the *Second Motion for Relief*. First, that the arbitrator who rendered the arbitration award was corrupt. Second, that a deposition given by Chaney and subsequent affidavit related to his deposition testimony somehow showed that rulings made in the California state court were procured by fraud.

Pursuant to Grigg's request, this Court considered both the *First Motion for Reconsideration* and the *Second Motion for Relief* together. The *Motions* were denied with prejudice. (<u>See</u> Doc. #271). It is this denial that Grigg now seeks to again have reconsidered ("*Second Motion for Reconsideration*").

## II.

A motion for reconsideration is an extraordinary remedy to be granted sparingly. <u>See D'Angio v. Borough of Nescopeck</u>, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). It is not to be used to reargue a matter that a litigant already raised that was adjudicated and with which the litigant disagrees. <u>Dodge v. Susquehanna Univ.</u>, 796 F. Supp. 829 (M.D. Pa. 1992). The purpose of a motion for reconsideration is to prevent manifest errors of law or fact or to present new evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).

The caption of the subject motion suggests that Grigg is seeking only reconsideration of the *Second Motion for Relief*. However, the body of the motion addresses the ruling of this Court regarding both the *First Motion for Reconsideration* and the *Second Motion for Relief*. Therefore, it appears that Grigg now seeks, in part, reconsideration of the denial of the reconsideration. Grigg also seeks reconsideration of the denial of his *Second Motion for Relief*.

Grigg fails to identify the specific Federal Rule of Civil Procedure or any particular subsection that he is asserting could form the basis for his argument.[1] This Court is, therefore, left to guess Grigg's purported basis for relief. All that is stated in the motion

---

[1] Although Grigg cites to subsections of Rule 60 contended to be relied upon in the *Second Motion for Relief*, there are no references as to the subject motion. Grigg also failed to specify any particular rule or subsection in his *First Motion for Reconsideration* (Doc. #138). (<u>See</u> Doc. #270, p. 4).

is that it is "warranted to correct errors of fact, law and to prevent manifest injustice." (See Doc. #275, p. 1). The only reference to a rule relied upon for the *Second Motion for Reconsideration* is in the proposed order which states that relief is requested pursuant to Fed.R.Civ.P. 60(b).

The language used to seek reconsideration suggests that Grigg is relying upon Fed.R.Civ.P.59 (made applicable to bankruptcy by Fed.R.Bankr.P. 9023).[2] As this Court noted in denying the *First Motion for Reconsideration*, a court reviews the time of filing and the function of a motion for reconsideration to determine whether the motion is brought pursuant to Fed.R.Civ.P. 59 or Fed.R.Civ.P. 60. Even where the movant seeks relief under Fed.R.Civ.P. 60, the court may treat the motion as one under Fed.R.Civ.P. 59 where the motion is filed within fourteen days of entry of the judgment and the motion seeks to challenge the entire judgment including the merits. See Rankin v. Heckler, 761 F.2d 936, 942 (3d Cir. 1985); CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573 (3d Cir. 1991). Here, the *Second Motion for Reconsideration* was filed seven days after the entry of the Order. Further, it would appear that Grigg seeks to challenge the entire judgment including the merits. Accordingly, the Court reviews the *Second Motion for Reconsideration* pursuant to Fed.R.Civ.P. 59.

A motion under Fed.R.Civ.P. 59(e) must rely on one of three grounds: (1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. See N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

---

[2] Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Pursuant to Fed.R.Bankr.P. 9023, the time period in a bankruptcy proceeding is fourteen days. See Fed.R.Bankr.P. 9023.

In this *Second Motion for Reconsideration*, Grigg raises three arguments. First, Grigg contends that at the time that he filed his bankruptcy, the judgment awarded to Chaney was not final.  Second, it is asserted that the arbitrator in the state court proceeding perpetrated a fraud on Grigg regarding his academic credentials.  And third, Grigg points out his disagreements with the Court's findings and reasserts his contentions regarding Chaney's deposition testimony and subsequent affidavit.

As to the first issue of finality of the judgment, it was first raised by Chaney in his opposition to Grigg's *First Motion for Relief.* There, Chaney argued, in relevant part, that the California state court judgment was final and that res judicata and/or collateral estoppel precluded Grigg from relitigating the matter of the arbitration award.  Grigg filed a twenty five page brief in response to Chaney's response to the *First Motion for Relief* which was accompanied by fifty-six pages of exhibits.[3]  In the twenty five pages of additional argument, Grigg did not contest the issue of finality of the judgment.  In deciding the *First Motion for Relief*, the Court found the doctrines of preclusion applicable. Both res judicata and collateral estoppel have as components the finality of the judgment at issue.  Grigg then disputed the finality of the state court judgment.

Grigg raised the finality issue in the brief that accompanied his *First Motion for Reconsideration.*  In the determination of the *First Motion for Reconsideration,* this Court stated that Grigg's argument concerning the finality of the judgment could have been raised at the outset and a motion for reconsideration was not the proper vehicle for doing so.  The Court did not grant Grigg's request to reconsider the finality of the judgment.

Grigg now asserts that the judgment was not final at the time of filing because

---

[3]  The responsive brief filed by Grigg was neither ordered nor requested by the Court.

there was still the opportunity for the Supreme Court of California to *sua sponte* review the decision of the Court of Appeal pursuant to Cal. Rules of Court, Rule 8.512(c). Having already denied the *First Motion for Relief* as well as the *First Motion for Reconsideration* - with prejudice - this matter is not appropriately raised here by Grigg in a purported motion for reconsideration of the *Second Motion for Relief*. Any arguments regarding finality of the judgment on this ground could have been previously raised. The Court will not now entertain Grigg's request to reconsider the matter yet again.

The second issue sought to be reconsidered by Grigg is the alleged "credential fraud" perpetrated upon Grigg by the arbitrator that rendered the arbitration award in the California proceeding. Grigg's first attack on the arbitrator in this Court came in his *Second Motion for Relief from Stay*.[4] Therein, Grigg contended that "newly discovered evidence" showed that the arbitrator was "corrupt" because he held himself out as receiving a law degree from Whittier College School of Law when in fact he did not. In denying the *Second Motion for Relief* this Court found the contention to be completely unavailing for a number of reasons. First, the alleged "newly discovered evidence" was either known or could have been known when Grigg filed the *First Motion for Relief* and the *First Motion for Reconsideration*. Second, even if the "newly discovered evidence" had been known, it would not have resulted in the Court vacating or finding the California judgment void for the reasons stated in the Court's Memorandum Order. Third, the contention was totally without merit. The provenance of the law degree was clearly set forth in the filings. Fourth, the time to have asserted the argument, to the extent it could even be considered relevant or material, was during the arbitration proceeding.

---

[4] Grigg made previous unsuccessful attacks on the arbitrator in the state court proceedings in California. (<u>See</u> Doc. #120, Ex. 1, pp. 6-9).

In this *Second Motion for Reconsideration*, Grigg now asserts to have yet other "newly obtained evidence" concerning the law degree of the arbitrator. This "evidence" is a letter from the State Bar of California issued in response to a subpoena from Grigg inquiring into the arbitrator's credentials. Grigg contends that the response received somehow refutes a declaration made by the arbitrator that the State Bar of California recognized his law degree as from Whittier College School of Law.

As with Grigg's arguments concerning the arbitrator's credentials made in the *Second Motion for Relief*, the Court finds this most recent contention to be similarly unavailing. Even if Grigg's contention were true, it is not clear to the Court what, if anything, it proves. It would do nothing to have this Court vacate the state court judgment or find it to be void. To the extent that some argument could be made that a relevant material matter was shown by this "newly discovered evidence", it could have been discovered long before as the arbitrator has been a member of the California Bar since 1972.[5] As this Court previously stated, "[m]erely because Grigg decided to pursue a recent investigation of Judge O'Brien's credentials in November 2012 does not make this new evidence." (See Doc. #270, p.18). To the extent that this "evidence" could be found to be relevant, the appropriate time to have raised such an issue was during the California state proceeding.

As to the third ground for reconsideration, as best this Court understands Grigg's argument, he complains about a declaration filed by Chaney as repudiating deposition testimony of Chaney that somehow reflects upon the purported invalidity of the state court judgment. Grigg appears to be rearguing matters already litigated and decided.

---

[5] In addition, Grigg received this purported "evidence" on April 30, 2013. It was not until after the Court issued its Memorandum Opinion on September 20, 2013 that Grigg raised the issue.

Grigg's argument in the *Second Motion for Relief* referred to Chaney's alleged attempt to reject some allegedly "devastating testimony". However, there were no specifics as to what this "devastating testimony" was.[6] Nor was there any indication of the testimony that was supposedly being repudiated. Nevertheless, the Court was asked to find that, based upon the affidavit of Chaney, the orders issued in the California state proceedings were somehow procured by fraud.

The *Second Motion for Reconsideration*, like the *Second Motion for Relief*, does nothing to lead this Court to any logical conclusion regarding the deposition testimony or the subsequent declaration by Chaney.[7] Despite Grigg's assertions to the contrary, Grigg has not articulated any clear theory regarding the affidavit of Chaney nor how it provides for the relief requested by Grigg. The affidavit makes only general statements about the deposition testimony.[8] The only reference in the affidavit to a specific point of testimony concerns an immaterial point about specific disbursements of funds upon execution of a Merrill Lynch account belonging to Grigg. In addition, the affidavit was

---

[6] Grigg contends that specific references to Chaney's deposition testimony were, in fact, provided. However, those purported specific references were alleged in a brief and/or exhibits associated with Grigg's *First Motion for Relief*, a different motion from the one now at issue. At the time of the filing of the subject motion, the *First Motion for Relief* had been denied as had the motion to reconsider it.

[7] It appears that Grigg may still be making arguments about the alleged lack of affidavit by Chaney in the California state court that he contends was in violation of Cal. Code Civ. P. §1008. That issue was decided in the denial of the *First Motion for Relief* and *First Motion for Reconsideration*.

[8] Chaney states "At my August 22 deposition, because of my confused condition, I provided answers to questions that I was asked that were sometimes inaccurate and sometimes wrong. For many of the questions, I simply could not remember in order to give the right answer."

filed concerning an unrelated matter of the admission of Chaney's counsel *pro hac vice*.[9] Without citing to specific passages of testimony, Grigg's argument asserts vague notions of the import of Chaney's deposition on the relief sought in the California state proceedings.

Despite the unsubtle suggestion that this Court does not read everything, the parties can rest assured that all filings are read. However, it is not the job of this Court to rummage through the files to discern counsel's argument or to lay record for a litigant. See e.g., Yeomalakis v. F.D.I.C., 562 F.3d 56 (1st Cir. 2009)("It is not our job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief."); Campbell v. Hall, 624 F. Supp. 2d. 991, 1004 (N.D. Ind. 2009)("it is not [the Court's] job to do counsel's work of organizing or formulating a party's arguments"); In re Boone County Utilities, LLC, 506 F.3d 541, 542 (7th Cir. 2007)("judges are not Sudoku masters...who enjoy filling in a grid with few hints about where things go.")

Even if there were some cognizable theory, a motion for reconsideration is not an opportunity to rehash arguments previously made or to raise new arguments or present evidence that could have originally been presented. See McDowell Oil Service, Inc. v. Interstate Fire and Cas. Co., 817 F. Supp. 538 (M.D. Pa. 1993). Grigg cannot now attempt to further clarify his argument that could have been made at the time of the *Second Motion for Relief*.

---

[9] In fact, the affidavit was an exhibit to a response to an objection filed by Grigg. (See Case No. 11-71206, Doc. #119). The objection, with its approximately one hundred twenty six pages of exhibits, was to a two page letter sent to the Court by Yanny two months prior. (See Case No. 11-71206, Doc. ## 108, 99). Both the letter and objection were subsequently stricken and/or denied by Order dated November 2, 2012. (See Doc. #144).

Grigg also contends that the issues relating to Chaney's affidavit were set forth in Grigg's proposed First Amended Answer, Affirmative Defenses and Counterclaim attached as Exhibit "A" to his Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim.[10] Just as it is not the court's role to make a party's argument, it is not the role of the court to hunt through the record. See In re Harmony Holdings, LLC, 393 B.R. 409, 416 (Bankr. D. S.C. 2008)("[i]t is not the Court's function to endlessly explore the record for facts that support the case of either party."); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in [the record].") Moreover, if Grigg asserted the same argument in the *Second Motion for Relief* as in the proposed *Amended Answer*, the Court questions whether such duplicative requests for relief were appropriate.[11]

For these reasons the Court finds that Grigg has failed to show the existence of any of the grounds for reconsideration under Fed.R.Civ.P. 59. There has been no intervening change in the law; no newly discovered evidence; and no manifest errors of law or fact.

Although this Court finds the applicable rule to be Fed.R.Civ.P. 59, if it were to review the *Second Motion for Reconsideration* pursuant to Fed.R.Civ.P. 60 the result would be the same. Fed.R.Civ.P. 60(b), made applicable by Fed.R.Bankr.P. 9024, allows

---

[10]  The *Motion for Leave to File Amended Answer, Affirmative Defenses and Counterclaim* was denied by Order dated November 23, 2013.

[11]  Grigg complains of the period of time in which motions remain pending. The Court notes, however, that motions remain pending, in part, because the Court has been required to address the reconsideration motions filed. Additionally, Grigg continues to add numerous filings that the Court must consider (often seeking the same relief or making the same arguments). Accordingly, any complaints in this regard rest with Grigg himself.

for relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

As previously discussed, Grigg has not made a showing regarding the first two factors of mistake and newly discovered evidence.  As to the third factor of fraud, misrepresentation or misconduct, the arguments are rehashing of those previously made in the *First Motion for* Relief and *First Motion for Reconsideration* that were denied.  The fourth factor, of the judgment being void, is similarly unavailing for the reasons discussed above regarding the arguments concerning the deposition testimony and affidavit of Chaney. The fifth factor would be inapplicable to the present case. The catch-all provision of (b)(6) does not provide any basis for the Court to reconsider.[12]

In addition to Fed.R.Civ.P. 60(b), Grigg also appears to now be arguing Fed.R.Civ.P. 60(d) as a basis for reconsideration. Rule 60(d) provides, in pertinent part, that a court's power under the rule is not limited to set aside a judgment for fraud on the court.  See Fed.R.Civ.P. 60(d)(3).  Grigg contends that any order put forth by Chaney reflecting that the contingent fee agreement entered into between the parties was invalid could only have been obtained in conjunction with a fraud upon the Court.  Any argument regarding Rule 60(d)(3) could have been raised at the at the time of the filing of the *First Motion for Relief, First Motion for Reconsideration* or *Second Motion for Relief.* A motion for reconsideration is not an opportunity to raise matters that could have

---

[12]   The Court notes that Grigg now argues that the California state court judgment was not final. Yet, he also asserts grounds for relief based upon Rule 60(b) which provides, in relevant part, that a court may relieve a party from a *final* judgment.

originally been brought. <u>Harsco</u>, 779 F.2d at 909. Nevertheless, even if Grigg had originally sought relief under Rule 60(d)(3) it would have been denied for the reasons set forth above and in the Orders denying the previous motions.

Accordingly, even if this Court were required to review the *Second Motion for Reconsideration* pursuant to Fed.R.Civ.P. 60, it would deny the *Motion*.

## III.

Throughout this proceeding, Chaney has requested that sanctions be imposed upon Grigg and his attorney, Ronald P. Carnevali. Those requests were made by way of separate motion, *Motion for Sanctions Against Grigg and Carnevali and Disqualification of Carnevali* ("*Motion for Sanctions*") (<u>See</u> Doc. #69), as well as in several responses to various matters.[13] Among the grounds for the sanctions requests, Chaney has asserted 28 U.S.C. §1927.[14] In addition, this Court has warned of the potential for the imposition of sanctions in light of the pleadings filed in this case.

28 U.S.C. §1927 provides for a court to assess excess costs, fees and attorneys' fees against any attorney or other person admitted to conduct cases "who so multiplies the proceedings in any case unreasonably and vexatiously". <u>See</u> 28 U.S.C. §1927. Because the inquiry under 28 U.S.C. §1927 may not become totally known until the end of the litigation, this Court shall reserve the matter until such time as appeals may be exhausted. <u>See</u> <u>In re Schaefer Salt Recovery, Inc.</u>, 542 F.3d 90 (3d Cir. 2008). Counsel for Chaney shall file a detailed pleading alleging how Grigg and his counsel, Attorney

---

[13] As to the *Motion for Sanctions*, this Court ordered that it would be held at the date set for the trial in this adversary proceeding.

[14] Depending on the matter at issue, Chaney also asserted various Federal Rules of Bankruptcy Procedure and Pennsylvania. 9016, 7026, 9011,

Carnevali, may be liable for excessive costs, expenses and/or attorneys' fees pursuant to 28 U.S.C. §1927. Upon the filing of such motion, Grigg and his counsel will have the opportunity to respond. The Court will then decide the matter at that time.

### IV.

For the above reasons, this Court denies the *Motion for Reconsideration Relating to Motion for Relief Pursuant to Fed.R.Bankr.P. 9024/Fed.R.Civ.P. 60(b), et.seq.* filed by Ronald W. Grigg.

An appropriate order shall issue.

Dated: November **6**, 2013

_____
JEFFERY A. DELLER
Chief U.S. Bankruptcy Judge

case administrator to serve:

Matthew T. Yanni, Esq.
Joseph A. Yanny, Esq.
Ronald P. Carnevali, Jr., Esq.
William C. Price, Esq.
David K. Rudov, Esq.
Eric E. Bononi, Esq.
Office of U.S. Trustee

FILED

NOV – 6 2013

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

00010591.WPD

13