# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 11-71206-JAD |
| RONALD W. GRIGG, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ———————————— X | Adversary No. 12-07008-JAD |
| ) | |
| BLAINE JOHN CHANEY, ) | Related to Dk. No. 365 |
| ) | |
| Plaintiff, ) | |
| ) | |
| - vs - ) | |
| ) | |
| RONALD W. GRIGG, ) | |
| ) | |
| Defendant. ) | |
| ———————————— X | |
| ) | |
| RONALD W. GRIGG, ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| - vs - ) | |
| ) | |
| BLAINE JOHN CHANEY, ) | |
| ) | |
| Counter-Defendant. ) | |
| ———————————— X | |

## **ERRATA ORDER**

**IT IS HEREBY ORDERED** that the *Memorandum Opinion* dated June 19,

2017, and issued contemporaneously with this Court's *Order* denying *Chaney's*

*Motion for Sanctions*, be amended as follows:

  1. Page 1, line 6, parenthetical stating:

     ("Spence Custer", and together with Grigg and Attorney Carnevali, the "Respondents")

be corrected to:

("Spence Custer," and together with Grigg and Attorney Carnevali, the "Respondents")

Correction made: position of comma

2. Page 2, block quotation, first paragraph stating:

> This Motion for Sanctions arises out of proceedings, the very inception of which were based on vexatious overpleadings, and meritless claims, legal theories and arguments proffered by Grigg's attorneys...

be corrected to:

> This Motion for Sanctions arises out of proceedings, the very inception of which were based on vexatious overpleadings, and meritless claims, legal theories and arguments proffered by Grigg's attorneys . . . .

Correction made: spacing of ellipsis

3. Pages 2-3, block quotation, second paragraph, last full sentence stating:

> This Court noted that "Grigg attempt[ed] to create disputes of material facts by rearguing arguments previously made concerning the validity of the underlying judgments and orders rendered by the California state courts" in its October 23, 2013 Memorandum Opinion on Chaney's Motion for Summary Judgment...

be corrected to:

> This Court noted that "Grigg attempt[ed] to create disputes of material facts by rearguing arguments previously made concerning the validity of the underlying judgments and orders rendered by the California state courts" in its October 23, 2013 Memorandum Opinion on Chaney's Motion for Summary Judgment . . . .

Correction made: spacing of ellipsis

4. Page 4, second full paragraph, lines 4-7, citation stating:

In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002)(citing Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989).

    be corrected to:

    In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002)(citing Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989)).

    Correction made: insertion of close parenthesis

5. Pages 5-6, beginning at last line on page 5 stating:

    Bad faith can found to exist based upon a person's overall conduct throughout the course of litigation and no one single act by the offending party is required to rise to the level of bad faith in itself. Id. at 189-191.

    be corrected to:

    Bad faith can be found to exist based upon a person's overall conduct throughout the course of litigation and no one single act by the offending party is required to rise to the level of bad faith in itself. Id. at 189-191.

    Correction made: insertion of "be"

6. Page 8, footnote 2 stating:

    Docketed as case no. 11-71206 (the "Bankruptcy Case").

    be corrected to:

    Docketed as Case No. 11-71206 (the "Bankruptcy Case").

    Correction made: capitalization of "case no."

7. Page 11, lines 9-12 stating:

    As to the Second Motion for Relief, the Court observed that all of the "newly" discovered evidence cited by Grigg did not support relief because the cited evidence was previously discoverable and did not support relief on the merits.

    be corrected to:

    As to the Second Motion for Relief, the Court observed that all of the "newly" discovered evidence cited by Grigg was previously discoverable and did not support relief on the merits.

    Correction made: deletion of text

8. Page 14, last paragraph, lines 2-3, parenthetical stating:

   (the "October 25th Order)

   be corrected to:

   (the "October 25th Order")

   Correction made: insertion of quotation mark

9. Page 19, first full paragraph, lines 4-5, quotation stating:

   "[n]ine days clearly fits within any definition of "outer limits."

   be corrected to:

   "[n]ine days clearly fits within any definition of 'outer limits.'"

   Correction made: deletion of double quotation mark and insertion of single quotation marks

10. Page 21, first paragraph, lines 3-5 stating:

    These rules expressly provide that that a Rule 60 motion must be filed within a "reasonable time."

    be corrected to:

    These rules expressly provide that a Rule 60 motion must be filed within a "reasonable time."

    Correction made: deletion of "that"

11. Page 21, last paragraph, line 2, citation stating:

    See Fed.R.Civ.P. 60(c).

    be corrected to:

    See Fed. R. Civ. P. 60(c).

    Correction made: spacing of citation

12. Page 21, last paragraph, line 4, citation stating:

    Fed.R.Civ.P. 60(c);

4

be corrected to:

Fed. R. Civ. P. 60(c);

Correction made: spacing of citation

13. Page 24, Section "A", first paragraph, lines 3-4 stating:

However, the Court is not convinced that this is the case herein.

be corrected to:

However, the Court is not convinced that this is the case.

Correction made: deletion of "herein"

14. Page 26, second full paragraph, first sentence stating:

First, Chaney avers that the delay in filing the Motion for Sanctions is excusable as it was caused, in part, by Attorney Yanny's, attempts to negotiate a resolution of the sanctions issue outside of court in accordance with Pennsylvania's Code of Civility.

be corrected to:

First, Chaney avers that the delay in filing the Motion for Sanctions is excusable as it was caused, in part, by Attorney Yanny's attempts to negotiate a resolution of the sanctions issue outside of court in accordance with Pennsylvania's Code of Civility.

Correction made: deletion of comma

15. Page 27, footnote 14, lines 2-6 stating:

As an end-run of this Court's order, Attorney Yanny, without the prior knowledge of this Court, sought and was granted admission to the United States District Court for the Western District of Pennsylvania-- thereby allowing Attorney Yanny to participate in this matter as counsel of record.

be corrected to:

As an end-run of this Court's order, Attorney Yanny, without the prior knowledge of this Court, sought and was granted admission to the United States District Court for the Western District of Pennsylvania—thereby allowing Attorney Yanny to participate in this matter as counsel of record.

    Correction made: formatting of en dash

16. Page 27-28, beginning at last sentence on page 27 stating:

    Chaney's counsel did, however, have an affiramtive duty to "make reasonable efforts to expedite litigation . . . ."

    be corrected to:

    Chaney's counsel did, however, have an affirmative duty to "make reasonable efforts to expedite litigation . . . ."

    Correction made: spelling of "affirmative"

17. Page 29, first full paragraph, lines 9-11, clause following en dash stating:

    that is, not associated with the defense of the multiple motions for "reconsideration" or the multiple motions "for relief" of the California state court judgment.

    be corrected to:

    that is, not associated with the defense of the multiple motions for "reconsideration" or the multiple motions "for relief" from the California state court judgment.

    Correction made: deletion of "of" and insertion of "from"

18. Page 29, footnote 16 stating

    Upon questioning by the Court regarding to the inclusion of attorneys' fees for matters Attorney Yanny admitted were not subject to sanction (i.e. the bankruptcy case filing, matters related to the litigation of defalcation, etc.) Attorney Yanny stated that: "I simply gave the Court all of the billings so that the Court could see in perspective and…everything that was done and needed to be done in the case. Some of the things I believe were in opposition to sanctionable conduct. Some of them weren't."

    be corrected to:

    Upon questioning by the Court regarding the inclusion of attorneys' fees for matters Attorney Yanny admitted were not subject to sanction (i.e. the bankruptcy case filing, matters related to the litigation of defalcation, etc.) Attorney Yanny stated that: "I simply gave the Court all of the billings so that the Court could see in perspective and . . . everything that was done

6

Case 12-07008-JAD  Doc 370  Filed 07/07/17  Entered 07/07/17 15:53:25  Desc Main
Document    Page 7 of 10


and needed to be done in the case. Some of the things I believe were in opposition to sanctionable conduct. Some of them weren't."

Correction made: deletion of "to" and correction to spacing of ellipsis

19. Page 32, Section "C", second paragraph, lines 5-8 stating:

Regardless, as no evidence or arguments have been presented by the Respondents which support a finding of prejudice herein, the Court cannot find that the element of prejudice weighs in favor of a determination of untimeliness.

be corrected to:

Regardless, as no evidence or arguments have been presented by the Respondents which support a finding of prejudice, the Court cannot find that the element of prejudice weighs in favor of a determination of untimeliness.

Correction made: deletion of "herein"

20. Page 38, footnote 21, line 8, citation stating

See Motion for Sanctions Ex. A.

be corrected to:

See Mot. for Sanctions Ex. A.

Correction made: abbreviation of citation

21. Pages 39-40, beginning last paragraph on page 39, citation stating, in part:

Chaney v. Grigg (In re Grigg), Adv. No. 12-7008-JAD, 2013 WL 5945793, at *5 (Bankr. W.D. Pa. Nov. 6, 2013), citing Yeomalakis v. F.D.I.C., 562 F.3d 56 (1st Cir. 2009)

be corrected to:

Chaney v. Grigg (In re Grigg), Adv. No. 12-7008-JAD, 2013 WL 5945793, at *5 (Bankr. W.D. Pa. Nov. 6, 2013)(citing Yeomalakis v. F.D.I.C., 562 F.3d 56 (1st Cir. 2009)

Correction made: deletion of comma and insertion of open parenthesis

7

22. Page 41, Section "E", first paragraph, beginning with clause following comma in line 6 stating:

but also the additional further delay in filing the Motion for Sanctions itself – which additional delay appears to have only been curtailed by the threat of re-closure in this Court's *sua sponte* December 28th Order.

be corrected to:

but also the additional further delay in filing the Motion for Sanctions itself—which additional delay appears to have only been curtailed by the threat of re-closure in this Court's *sua sponte* December 28th Order.

Correction made: spacing of en dash

23. Page 42, second paragraph, line 3, citation stating:

42 U.S.C. § 1988

be corrected to:

42 U.S.C. §1988

Correction made: spacing of citation

24. Page 42, second paragraph, lines 8-9, citation stating:

White v. New Hampshire Dep't of Employment Sec. 455 U.S. at 452.

be corrected to:

White v. New Hampshire Dep't of Employment Sec., 455 U.S. at 452.

Correction made: insertion of comma

25. Page 44, first full paragraph, first sentence stating:

To the extent that Chaney seeks to distill the considerations acknowledged in White into a "three-factor test", such attempt is unsupported by the text of the case.

be corrected to:

To the extent that Chaney seeks to distill the considerations acknowledged in White into a "three-factor test," such attempt is unsupported by the text of the case.

8

Correction made: position of comma

26. Page 44, first full paragraph, citation beginning at line 11 stating, in part:

<u>see also</u> <u>Ruben v. Warren City Schools</u>, 825 F.2d 977, 981 (6th Cir. 1987) <u>cert. denied</u> 485 U.S. 934, 108 S.Ct. 1108 (1988)

be corrected to:

<u>see also</u> <u>Ruben v. Warren City Schools</u>, 825 F.2d 977, 981 (6th Cir. 1987), <u>cert. denied</u> 485 U.S. 934, 108 S.Ct. 1108 (1988)

Correction made: insertion of comma

27. Page 46, Section "V", beginning at line 3 stating:

The Court however, stresses that the denial of the requested relief herein should in no way, shape, or form be interpreted as the Court approving of or even condoning the actions taken by the Respondents throughout the litigation.

be corrected to:

The Court however, stresses that the denial of the requested relief should in no way, shape, or form be interpreted as the Court approving of or even condoning the actions taken by the Respondents throughout the litigation.

Correction made: deletion of "herein"

28. Page 47, first partial paragraph, lines 8-9, citation stating:

See Pa. RPC 3.2.

be corrected to:

<u>See</u> Pa. RPC 3.2

Correction made: underline "See"

Dated: July 7, 2017            /s/ Jeffery A. Deller
                               **JEFFERY A. DELLER**
                               Chief United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Joseph A. Yanny, Esq.
    Matthew T. Yanni, Esq.
    Ronald P. Carnevali, Esq.
    Robert O. Lampl, Esq.
    Bethann R. Lloyd, Esq.
    Office of the United States Trustee